**BATZLI, Plaintiff-Appellant, v BATZLI, Defendant-Appellee.**

Ohio Appeals, Seventh District, Columbiana County.

No. 653.   Decided November 22nd, 1946.

314

J. E. Bauknecht, East Palestine, for plaintiff-appellant.
Moore and Moore, Lisbon, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appealed on questions of law and fact from a judgment of the court of common pleas of Columbiana County awarding her the claimed inadequate sum of $1200.00 as alimony in her action filed therein against defendant for divorce, alimony and custody of minor children of the parties. Counsel for plaintiff conceded by brief that the appeal was not properly filed as one on questions of law and fact, and it appearing that a bill of exceptions was duly and properly filed therein the words "and fact" were stricken from plaintiff's notice of appeal, and the appeal was retained, argued and will be determined as one on questions of law.

For the purpose of trying to help defendant reform defendant's father deeded a farm to him without other consideration "practically two years" prior to his marriage to plaintiff, title to which property resided in defendant's father at the time of the trial of the case in the court of common pleas because defendant, as he testified, "had an automobile accident and the fellow was going to sue" him and he "put it in"

his "father's name", but did not sell it to his father and received no money from him for it.

While the title to such property resided in his father and he paid some taxes on it it is clear from all the evidence that defendant was the owner of such real estate for which defendant's father paid $10,000.00, and in the improvement of which in the amount of $2,800.00, as found by the trial judge, plaintiff invested her time and labor and both parties their jointly earned money; which improvements the trial judge found would "no more than equal what would have been a fair rental value" for and during the seven years the parties lived thereon, and allowed that sum to defendant's father in payment thereof in accordance with some sort of a claimed understanding between defendant and his father.

The evidence concerning the ownership and value of the cattle on the farm, to which reference has been made, and the value of farm machinery and tools thereon at the time plaintiff was granted a divorce is decidedly conflicting and contradictory, and we cannot recite it in detail and hope to keep the length of this opinion within reasonable bounds.

Defendant testified that he considered such cattle as his because he "raised practically all them."

After considering that at least one of such cattle was the property of defendant's father when the parties were married ten years prior to the time of trial in the common pleas court, and that the latter transferred a herd of cattle thereto at that time, their maintenance by and increase to the parties, and the part time net income from them the trial judge fixed their value at $3,740.00 and found that "Bruce perhaps had an interest in" them "at the time"; but for the purpose of determining alimony allowable to plaintiff therefrom fixed their value as $800.00 and arrived at a value of $2,240.00 as the increase in farm machinery and tools after the parties were married.

The trial judge allowed plaintiff no alimony from the real estate to which reference has been made and but $1,500.00 from the cattle, machinery and tools, from which amount he deducted $300.00 because defendant withdrew $600.00 from a savings account of the parties, although she received nothing from defendant for the support of herself and children for four months, the cost of which the trial judge set at $75.00 a month and which amounted to $300.00.

As was said by Judge Richards in the case of **Owens v Owens, 20 Oh Ap 518,** "the sordid story of their marital troubles should not be perpetuated in a judicial opinion. He led

a fast life," although it is conceded that when not drinking or in trouble he was an industrious and a hard worker. Plaintiff was periodically gainfully employed in industry during the existence of the marital relationship, and managed the home and at times the farm, and did a share of the work on the farm at all times, and raised their two children to the ages of six and nine years, their respective ages when the parties were divorced. However the trial judge allowed her only $50.00 a month to complete the job of raising the children of the parties, which of course we are aware he can revise upward in his discretion upon proper application or motion, and with which allowance we are not concerned in this appeal since plaintiff has not appealed from that order, but which we have a right to consider as bearing upon whether the amount of the allowance of alimony to her is against the manifest weight of the evidence.

The trial judge granted plaintiff a divorce on defendant's aggression, and under such conditions as authorized by §11990 GC, should have allowed her such alimony out of defendant's property as he deemed reasonable having due regard to the property which came to him by marriage and the value of his real and personal estate at the time he granted plaintiff a divorce and awarded her alimony.

We are mindful of the fact that "the ancient rules for determining the credibility of witnesses are still applicable, and, as they involve personal observation of witnesses while testifying, and a reviewing court does not have that opportunity, it should be slow to reverse a judgment on the weight of the evidence." See Owens v Owens, supra.

From the evidence and the opinion of the trial judge rendered in support of his decision we conclude he did not have due regard to defendant's real and personal estate at the time he granted plaintiff a divorce and awarded her alimony and considering the marital troubles of the parties, the rest of the voluminous record submitted to us, the amount of the assets of the respective parties when they were married and now, their past conduct, ages, condition of health, social standing, respective abilities to work and earn money in the future, plaintiff's inability to devote all of her time to earning a living because of the responsibility imposed upon her in the care of the minor children of the parties, carefully, which we have a right to do in this appeal; and mindful of the broad discretionary power to fix the amount of alimony allowable to plaintiff which resides in the trial judge, who, as we have heretofore suggested, had the advantage of seeing the wit-

nesses upon the stand and hearing them testify, we conclude that the amount of alimony allowed to plaintiff in this case is inadequate and insufficient, and that the finding of the trial judge on the alimony phase of this case and his judgment entered thereon are against the manifest weight of the evidence.

Accordingly, the judgment of the court of common pleas is modified by allowance of the additional sum of $1,800.00 to plaintiff as and for permanent alimony payable in lump sum, or at the rate of $50.00 per month at option of defendant, or as otherwise agreed to be payable by the parties, and as modified the judgment of the trial court is affirmed. See §7997 GC, **99 Oh St 143.**

NICHOLS, PJ, and CARTER, J, concur in judgment.